Naomi M. Sarega, Esq.
California Bar No. 306967
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6529 facsimile
Email: ns@higbee.law

*Attorney for Plaintiff*,
TAMARA WILLIAMS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| TAMARA WAREKA a/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>BEAUTY BY SAHAR LLC; SAHAR BEHINAEIN, individually; and DOES 1 through 10 inclusive,<br><br>*Defendants*. | Case No. 2:26-at-1020<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tamara Wareka p/k/a Tamara Williams, through her undersigned counsel, brings this Complaint against Defendants, Beauty by Sahar LLC; Sahar Behinaein, individually; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

## PARTIES

2.    Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

3.    Upon information and belief, Defendant Beauty by Sahar LLC ("Beauty by Sahar") is a limited liability company organized and existing under the laws of

1

the state of California with a principal place of business at 125 Ascot Dr, Unit B, Roseville, CA 95661.

4.    Upon information and belief, Defendant Sahar Behinaein ("Behinaein") is an individual residing and/or transacting business in the state of California and is the principal officer or owner of Defendant Beauty by Sahar.

5.    The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this Complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6.    For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

8.    This court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California and/or Defendants transact business in the State of California.

9.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

2

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

10.    Plaintiff Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Plaintiff Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account, @tamarawilliams, which has amassed over 559,000 followers.

11.    Plaintiff Williams licenses her work for a fee.

12.    Plaintiff Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

13.    Plaintiff Williams' livelihood depends on receiving compensation for the photographs she produces, and the value of the work she produces is devalued when others copy and profit from her work without her permission.

14.    The copyright protection afforded to Plaintiff Williams' work is intended to deter would-be infringers from the unauthorized copying and profiting from Plaintiff Williams' work.

15.    Plaintiff Williams is the sole author and exclusive rights-holder to three facial portrait photographs of female models: one photograph of a model whose face is surrounded by peach-colored roses ("Photograph 1"); one photograph of a model looking into the camera with her right index finger pressed against the bottom of her chin ("Photograph 2"); and one photograph of the model in Photograph 2 holding a single dark peach-colored rose against her right cheek ("Photograph 3") (collectively, the "Williams Photographs").

16.    Photograph 2 appears on Williams' Instagram page, @tamarawilliams, and contains a unique watermark superimposed on the model's right index finger bearing the name of Williams' older Instagram account, "@tamarawilliams1" ("Williams Watermark").

17.    Photograph 3 appears on Williams' Instagram page, @tamarawilliams, and contains the Williams Watermark superimposed on the upper portion of the rose.

18.    Through the strategic use of makeup and photographic editing, each of the Williams Photographs prominently showcases, accentuates, and emphasizes the model's facial features, with particular attention to the eyebrows, eyes, eyelashes, and lips.

19.    Attached hereto as Exhibit A is a true and correct copy of Photograph 1; Photograph 2 with the Williams Watermark; and Photograph 3 with the Williams Watermark.

20.    Plaintiff Williams registered the Williams Photographs with the United States Copyright Office. Photograph 1 was registered under Registration No. VA 2-197-150 with the file name AU28099 and an Effective Date of Registration of February 5, 2020. Photograph 2 was registered under Registration No. VA 2-197-150 with the file name AU11483739 and an Effective Date of Registration of February 5, 2020. Photograph 3 was registered under Registration No. VA 2-236-147 with the file name December_3_2020 and an Effective Date of Registration of December 23, 2020.

21.    Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-197-150.

22.    Attached hereto as Exhibit C is a true and correct copy of Registration No. VA 2-236-147

### Defendants Beauty by Sahar and Sahar Behinaein

23.    Upon information and belief, Defendant Beauty by Sahar is a business that offers a range of eyebrow services, specifically permanent makeup eyebrows, including microneedling and eyebrow tattooing; brow microblading; and touch-up, cover-up and correction. *See generally*    https://www.beautybysahar.com/services ("Beauty By Sahar Website").

24.    Upon information and belief, at all relevant times, Defendant Behinaein is, or was, the principal officer or owner of Defendant Beauty by Sahar.

4

25.    Upon information and belief, Defendant Beauty by Sahar and/or Defendant Behinaein owns, operates, controls, and manages the Beauty by Sahar Website.

26.    The Beauty by Sahar Website provides information and pricing about Defendant Beauty by Sahar's eyebrow services and specials.

27.    Upon information and belief, Defendants Beauty by Sahar and/or Behinaein generate content on the Beauty by Sahar Website for commercial purposes, specifically to attract user traffic to the Beauty by Sahar Website; to market, promote, and sell Defendant Beauty by Sahar's eyebrow services; and to increase the customer base and revenue for Defendants Beauty by Sahar and/or Behinaein.

28.    At all relevant times, Defendants Beauty by Sahar and/or Behinaein (including their employees, agents, contractors or others over whom they have responsibility and control) had the ability to supervise and control all content on the Beauty by Sahar Website.

29.    At all relevant times, Defendants Beauty by Sahar and/or Behinaein had a direct financial interest in the content and activities of the Beauty by Sahar Website (including the activities alleged in this Complaint).

30.    At all relevant times, the Beauty by Sahar Website was readily accessible to the general public throughout California, the United States, and the world.

31.    At all relevant times, the Defendants named in this Complaint (including Beauty by Sahar and Behinaein) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

### *Defendants Beauty by Sahar and Behinaein's Willful, Unauthorized Use of the Williams Photographs*

32.    On or about September 19, 2025, Plaintiff Williams discovered her Photograph 1 was being used on the Beauty by Sahar Website.

33.    Photograph 1 was displayed on the Beauty by Sahar Website combined with the following text: "Yearly Touch Up (9 months–1 year) Yearly Touch Up (9 months–1 year after previous visit) 2 hr 30 min $350" ("Photograph 1 Website Advertisement").

34.    The Photograph 1 Website Advertisement includes a "Book Now" button that viewers and potential customers can access to navigate to a separate webpage where they may schedule an appointment for the advertised services, as well as other services, offered by Defendant Beauty By Sahar.

35.    Attached hereto as Exhibit D is a true and correct screenshot of Photograph 1 as used on the Beauty by Sahar Website.

36.    On or about September 19, 2025, Plaintiff Williams discovered a cropped version of her Photograph 2 was being used on the Beauty by Sahar Website.

37.    The cropped version of Photograph 2 was displayed on the Beauty by Sahar Website combined with the following text: "Touch up (8 weeks -6months) Touch up (8 weeks -6 months after your previous visit) 2 hr $200 Book Now" ("Photograph 2 Website Advertisement").

38.    The Photograph 2 Website Advertisement includes a "Book Now" button that viewers and potential customers can access to navigate to a separate webpage where they may schedule an appointment for the advertised services, as well as other services, offered by Defendant Beauty By Sahar.

39.    Attached hereto as Exhibit E is a true and correct screenshot of Photograph 2 as used on the Beauty by Sahar Website.

40.    Collectively, Photograph 1 Website Advertisement and Photograph 2 Website Advertisement will be referred to as the "Website Advertisements."

6

41. After discovering the unauthorized use of Photograph 1 and Photograph 2 on the Beauty by Sahar Website, Plaintiff Williams, through her counsel, Higbee & Associates ("H&A"), sent cease and desist correspondence with a demand for lost licensing fees to Defendant Beauty by Sahar.

42. On or about November 18, 2025, H&A called Defendant Beauty by Sahar. H&A spoke with Defendant Behinaein and requested confirmation that Defendants received the cease-and-desist correspondence. Defendant Behinaein advised H&A that "Something's not working," and the called ended.

43. H&A called Defendant Behinaein back and left a voicemail on or about November 18, 2025 and followed up with email correspondence to Defendant Beauty by Sahar from November 18, 2025 through January 5, 2026.

44. Defendants removed the uses of Photograph 1 and some uses of Photograph 2 from the Beauty by Sahar Website

45. Defendants did not address lost licensing fees.

46. H&A did not receive any response from Defendant Behinaein regarding the correspondence sent to her or the voicemail left for her.

47. On or about January 5, 2026, H&A sent Defendant Behinaein an email advising her that H&A had informed Plaintiff that litigation would be necessary to resolve this matter.

48. On or about March 10, 2026, Plaintiff Williams discovered Beauty by Sahar continued to use Photograph 2 on the Beauty by Sahar Website.

49. Photograph 2 is displayed on the Beauty by Sahar Website on its "Our Work" webpage found at https://www.beautybysahar.com/our-work and at https://www.beautybysahar.com/our-work?pgid=l8sm45pk-5064d9a7-baad-4840-8963-f0c1d2b84dab.

50. Attached hereto as Exhibit F are true and correct screenshots of Photograph 2 as used on the Beauty by Sahar Website's "Our Work" webpage.

51. On or about March 10, 2026, Plaintiff Williams discovered two cropped versions of her Photograph 3 were being used on the Beauty by Sahar Website.

52. The cropped versions of Photograph 3 are displayed on the Beauty by Sahar Website on its "Our Work" webpage found at https://www.beautybysahar.com/our-work, https://www.beautybysahar.com/our-work?pgid=l8sm45pk-e1bfc113-9a20-40f8-83f2-c98c9ec1ba80, and https://www.beautybysahar.com/our-work?pgid=l8sm45pk-c33ca1f8-6943-43a3-9aa9-b6718ff383d6 ("Photograph 3 Advertisements").

53. Attached hereto as Exhibit G are true and correct screenshots of Photograph 3 as used on the Beauty by Sahar Website's "Our Work" webpage.

54. In no event did Plaintiff Williams grant Defendants Beauty by Sahar or Behinaein a license, permission, or authorization to use, make a copy of, or publicly display the Williams Photographs on the Beauty by Sahar Website or in any other manner.

55. Upon information and belief, Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Williams Photographs, cropped Photograph 2 and Photograph 3, and caused Photograph 1 and cropped versions of Photograph 2 and Photograph 3 to be uploaded to and displayed on the Beauty by Sahar Website.

56. Upon information and belief, the purpose of the use of the Williams Photographs on the Beauty by Sahar Website was to couple high-quality visual content, specifically professionally produced beauty photographs, with textual content to create an aesthetic, professional-looking, and visually inviting marketing presentation of Defendant Beauty by Sahar's eyebrow services and to support Defendants Beauty by Sahar and Behinaein's marketing goals to entice viewers to browse through the Beauty by Sahar Website and ultimately book an appointment

8

for eyebrow and other services which would generate revenue for Defendants Beauty by Sahar and Behinaein.

57.   Upon information and belief, the purpose of the use of the Williams Photographs in the Website Advertisements was to couple high-quality, professionally-produced, and professionally-edited beauty photographs with textual content to assist the Beauty by Sahar Website viewer in visualizing the beauty look that could be achieved through Defendant Beauty by Sahar's eyebrow tattooing, microblading, and threading services and to bolster credibility and lend integrity to Defendant Beauty by Sahar's reputation as a provider of eyebrow services.

58.   Upon information and belief, Defendants Beauty by Sahar and Behinaein (including their employees, agents, contractors or others over whom they had responsibility and control) used, displayed, published, and otherwise held out to the public Williams' original and unique Williams Photographs for commercial purposes and to acquire a direct financial benefit from use of the Williams Photographs.

59.   Specifically, Defendants intended for the Williams Photographs to act as a draw to entice potential customers to purchase services from Defendant Beauty by Sahar which would ultimately generate revenue for Defendants.

60.   Plaintiff Williams is informed and believes and thereon alleges that Defendants willfully infringed upon her rights in the Williams Photographs because, *inter alia,* Defendants knew they were not they rightful owners of the Williams Photographs; Photograph 2 and Photograph 3 contained the Williams Watermark identifying Tamara Williams as the owner of Photograph 2 and Photograph 3; and Defendants knew, or should have known, that they did not have a legitimate license, permission, or authorization to use the Williams Photographs on the Beauty by Sahar Website.

61.   Defendants' conduct is also willful because Defendants continued to use Photograph 2 after being notified that they did not have authorization to use Photograph 2.

9

62. Defendants also willfully infringed upon Plaintiff Williams rights in the Williams Photographs they did not address lost licensing fees for those unauthorized uses.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Plaintiff owns valid copyrights in the Williams Photographs.

65. Plaintiff registered the Williams Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

66. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed William's unique and original Williams Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

67. Defendants willfully infringed upon Plaintiff's rights in her copyrighted Williams Photographs in violation of Title 17 of the U.S. Code.

68. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

69. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, for each infringement, pursuant to 17 U.S.C. § 504(c).

70. As a result of Defendants' violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

71. Plaintiff Williams, hereby demands a trial by jury in the above matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Williams Photographs by copying and displaying them without a license or consent;

- For a finding that Defendants' conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: June 15, 2026                          Respectfully submitted,

**/s/ Naomi M. Sarega**
Naomi M. Sarega, Esq.
California Bar No. 306967
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6529 facsimile
Email: ns@higbee.law
*Attorney for Plaintiff*

11